```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES D. CARTON, III, and STEVEN C. CARTON, Executors of the Estate of James D. Carton, Jr., | HONORABLE JOSEPH E. IRENAS CIVIL ACTION NO. 05-5489 |
| Plaintiffs, |  |
|  | **OPINION** |
| v. |  |
| CHOICE POINT, INC. and CHOICE POINT SERVICES, INC., |  |
| Defendants. |  |

**APPEARANCES:**

MCMORAN, O'CONNOR & BRAMLEY
By: Michael F. O'Connor
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
    Counsel for Plaintiffs

CHRISTIE PARABUE MORTENSEN YOUNG
By: James W. Christie
216 Haddon Avenue, Suite 703
Westmont, New Jersey 08108

and

WILLIAMS & CONNOLLY LLP
By: Thomas M. Woods, Esq.
    Laurie S. Fulton, Esq.
    Jon R. Fetterolf, Esq.
725 Twelfth Street, N.W.
Washington, D.C. 20003
    Counsel for Defendants

**IRENAS**, Senior District Judge:

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's decision reported at *Carton v. Choice Point, Inc., et al.*, 450 F. Supp. 2d 489 (D.N.J. 2006). For the reasons that

follow, the Motion will be granted.

### I.

The Court previously granted in part and denied in part Defendants' Fed. R. Civ. P. 12(b)(6) Motion.[1]  Plaintiffs now move the Court to reconsider its decision to dismiss their New Jersey Consumer Fraud Act claim.  As the facts are described in detail at *Carton,* 450 F. Supp. 2d at 493-95, they will not be repeated here.

### II.

A decision "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also* L. Civ. R. 7.1(I).

### III.
#### A.

The New Jersey Consumer Fraud Act states: "Any person who

---

[1] In the same decision, the Court denied Defendants' Motion to Dismiss for Lack of Standing pursuant to Fed. R. Civ. P 12(b)(1).  That decision is not implicated by the present motion.

2

suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction." N.J.S.A. § 56:8-19.  The elements of a CFA claim are: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss.  *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 24 (1994).

Plaintiffs assert that the Court erred when it concluded there was no possible causal connection between the alleged unlawful practice and Plaintiffs' ascertainable loss.  *See Carton,* 450 F. Supp. 2d at 498.  Plaintiffs point to evidence in the record from which a factfinder could infer that Defendants' alleged misrepresentations induced Plaintiffs to sign the finder's fee agreement, which Defendants in turn used to interfere with Plaintiffs' property rights in the stock.

At this stage of the litigation, Plaintiffs have sufficiently established legal and factual support for their theory.  An "unlawful practice" under the statute includes

> the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any

>  merchandise[2] or real estate, or with the subsequent
>  performance of the aforesaid, whether or not any
>  person has in fact been misled, deceived or damaged
>  thereby . . .

N.J.S.A. § 56:8-2.  Plaintiffs assert that Defendants made knowing misrepresentations and omitted material facts concerning the value of the "asset" in question, inducing Plaintiffs to enter into the contract for "investigatory and research services" to locate and recover the asset.  (O'Connor Cert., Ex. 4)  Such evidence, if proven by a preponderance of the evidence at trial, would establish an unlawful practice under the CFA.

Plaintiffs have also established an ascertainable loss resulting from the unlawful practice.  Defendants' alleged misrepresentations and omissions induced Plaintiffs to incur a legal obligation in the form of a contractual obligation to pay the finder's fee.  *See Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 23 (1994)(legal obligation in the form of a debt is an ascertainable loss even though debt was never paid).  It was the performance of the contract that allegedly resulted in the stops placed on the Mellon account and Defendants' eventual possession of the stock certificates.

Plaintiffs have sufficiently established all three elements of a claim under New Jersey's Consumer Fraud Act.  Accordingly, Plaintiffs' Motion for Reconsideration will be granted.

---

[2]  The statute includes "services" in the definition of "merchandise."
N.J.S.A. § 56:8-1©).

4

**B.**

While not raised by Plaintiffs in their present motion, the Court's ruling with respect to the CFA necessarily implicates its previous ruling on the fraud claim.  This Court held in its previous opinion, "[j]ust as Plaintiffs' NJ CFA claim must fail for lack of a causal connection, their fraud claim must fail for lack of reliance to their detriment.  Plaintiffs do not allege, nor does the evidence suggest, that they sustained any detriment or harm as a result of Choice Point's alleged misrepresentations."  *Carton,* 450 F. Supp. 2d at 500.

"Satisfaction of the elements of common law fraud under New Jersey law requires proof the defendant made: (1) a material representation of a present or past fact (2) with knowledge of its falsity (3) with the intention that the other party rely thereon (4) which resulted in reasonable reliance by plaintiff and (5) which resulted in damages."  *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d 508, 521 (D.N.J. 1999).  As discussed above, Plaintiffs have put forth evidence from which a factfinder could conclude that Plaintiffs relied on Defendants' intentional misrepresentations and omissions when they signed the finder's fee agreement.  Plaintiffs allegedly suffered damages when performance of that agreement interfered with their property rights in the stock.

Accordingly, the Court will vacate its previous dismissal of the fraud claim.

5

**IV.**

For the foregoing reasons, Plaintiffs' Motion for Reconsideration will be granted.  The Court will issue an appropriate order vacating its dismissal of the CFA and fraud claims (Counts 1 and 4 of the Complaint).


Date: April 18, 2007


                                s/ Joseph E. Irenas
                                **JOSEPH E. IRENAS, S.U.S.D.J.**